**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 31, 2009

Charles R. Fulbruge III
Clerk

No. 08-10805

NATIONAL RESORT MANAGEMENT CORPORATION
and DOUBLE DIAMOND, INC.,

Movants-Appellants,

versus

RACHEL D. CORTEZ; FELICIA G. HERNANDEZ; CRYSTAL I. MOORE;
TERESA D. MORATH; and MARY NOBLE,

Claimants-Appellees,

Appeal from the United States District Court
for the Northern District of Texas
No. 4:06-CV-641

Before SMITH, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

The movants seek to overturn an adverse arbitration award. The district court denied the motion to vacate the award.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The number of grounds for challenging an arbitration award has been substantially reduced in light of *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 128 S. Ct. 1396 (2008), and *Citigroup Global Mkts., Inc. v. Bacon*, No. 07-20670, 2009 U.S. App. LEXIS 4543 (5th Cir. Mar. 5, 2009). Now these movants focus on their contention that the award is flawed because the arbitrator exceeded her authority and engaged in misconduct.

We have reviewed the briefs and pertinent portions of the record and have heard the arguments of counsel. The district court did not err in refusing to vacate the award. Essentially, the movants only complain of rulings with which they disagree. Given the deference accorded to arbitration awards, there is no flaw in these arbitration proceedings that would justify upsetting the result. In particular, there is nothing in the actions of the arbitrator that even remotely approaches the level of what could be termed misconduct, and counsel for the movants is warned that such attacks on the integrity of an arbiter should not be leveled without sufficient grounds.

The judgment is AFFIRMED.